**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MIRNA GARCIA,

                    Plaintiff,

       v.

CHARLIE SION, JANET SION, and GAM
LAUNDROMAT, INC. d/b/a SUPER
LAUNDROMAT**,**

                  Defendants.

**COMPLAINT**

Plaintiff, Mirna Garcia ( "Plaintiff"), by and through her undersigned counsel, The Law

Offices of Jeffrey E. Goldman, respectfully allege as follows:

## NATURE OF THIS ACTION

1.      Upon information and belief, Defendants, Charlie Sion ("Charlie Sion") and Janet

Sion ("Janet Sion"), own and operate Defendant**,** GAM Laundromat, Inc. d/b/a Super Laundromat

("Super Laundromat"), located in the Bronx, New York.

2.      Super Laundromat is managed on a day-to-day basis by Defendants, Charlie Sion

and Janet Scion.

3.      Plaintiff is a former full-time employee of Super Laundromat**.**

4.      In violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law

("NYLL"), Defendants Charlie Scion, Janet Scion, and Super Laundromat (hereinafter collectively

referred to as "Defendants") failed to pay Plaintiff for overtime hours she worked, spread of hours

pay, and at all times relevant to this lawsuit, failed to provide Plaintiff with proper wage notices

and adequate paystubs.

5.      Defendants also failed, or refused, to pay Plaintiff for all of the hours she worked. This is an action to recover the unpaid wages and overtime that are owed to Plaintiff.  Plaintiff also seeks penalties for Defendants' notice and recordkeeping violations.

## JURISDICTION AND VENUE

6.      This Court has federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").  This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7.      Venue is proper in this District because Defendants' conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

8.      Plaintiff was employed by Defendants as a full-time employee for a period of about five (5) years, from 2012 to April 10, 2017.

9.      Defendants paid Plaintiff with white envelopes containing cash.  Copies of those envelopes are attached hereto as "Exhibit 1."

10.      Upon information and belief, Charlie Scion and Janet Scion are, and have been at all relevant times, the owners or part-owners of Super Laundromat.

11.      At all times relevant to this lawsuit, Charlie Scion and Janet Scion had the power to hire and fire employees, set employee wages, retain time and/or payroll records, and otherwise control the terms and conditions of Plaintiff's employment.

12.      Charlie Scion and Janet Scion are employers within the meaning of the NYLL.

13.     Defendant, Super Laundromat, is located at 951 Hoe Avenue, Bronx, New York 10459.

14.     Super Laundromat operates seven (7) days per week, from 7:00 a.m. to 11:00 p.m..

15.     Super Laundromat is an employer within the meaning of the NYLL.

16.     Charlie Scion hired Plaintiff.

17.     Charlie Scion and Janet Scion acted as a direct supervisors of Plaintiff and others.

18.     Upon information and belief, Charlie Scion and Janet Scion are in charge of the payroll.  Charlie Scion and Janet Scion gave Plaintiff her weekly wages by handing her envelopes containing cash and never included a paystub.

## STATEMENT OF FACTS

19.     Defendants committed the following acts knowingly, intentionally and willfully.

20.     Plaintiff was employed by Defendants at Super Laundromat from November 2012 until April 10, 2017.

21.     From November 2012 until about November 2016, Plaintiff was not required to clock-in and clock-out for her shift.

22.     Beginning in November 2016, Charlie Sion maintained a time card upon which Plaintiff would record her hours and sign.  Charlie Scion kept the time card and stored it in the cash register.

23.     Plaintiff routinely worked more than 40 hours per week throughout the relevant time period.

24.     Plaintiff worked seven (7) days per week during the first year of her employment.

25.     Plaintiff worked six (6) days per week for the remainder of her employment.

3

26.    Plaintiff worked every Saturday, from 11:00 a.m. to 11:00 p.m., during the first year and a half of her employment.

27.    Plaintiff generally worked on Sundays, from 7:00 a.m. until 5:00 p.m..

28.    Plaintiff was sometimes required to work longer than her scheduled shift.

29.    Plaintiff estimates that she worked at Super Laundromat approximately fifty-six (56) to seventy (70) hours each week, on average.

30.    Plaintiff was never paid at the overtime rate for work in excess of forty (40) hours per work week.

31.    Plaintiff regularly worked more than ten (10) hours per day throughout her employment.  Defendants did not pay Plaintiff  the required additional hour of pay at the minimum wage rate for each day of "spread of hours" worked.

32.    Plaintiff was required to work seven (7) days per week and did not receive the required twenty-four (24) hours of rest.

33.    Plaintiff did not receive written notices as required by NYLL § 195(1). Specifically, Plaintiff did not receive written notices in English and/or in her primary language, which is Spanish.

34.    Plaintiff did not receive yearly §195(1) notices during the time period when annual notices were required by the NYLL.

35.    Plaintiff never received a paystub.  She given an envelope containing cash. Sometimes the envelope listed the number of hours she had worked during the work week.  The envelope never included the information required by NYLL § 195(3). *See* Exhibit A.

36.    Plaintiff's pay envelopes did not include information about "spread of hours."  This is also a violation of §195(3).

37.     The envelopes do not reflect the overtime rate of pay or all of the overtime hours worked by the Plaintiff.

38.     Upon information and belief, Defendants Charlie Scion and Janet Scion were in charge of Defendants' payroll practices at all relevant times.

## COUNT 1
### (FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq.*, Against Each and Every Defendant)

39.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth herein.

40.     Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiff the full federal overtime rate of one and a half times the minimum wage for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the Plaintiff is entitled to overtime pay.

41.     Defendants' unlawful conduct was willful within the meaning of the FLSA, 29 U.S.C. § 255(a), so a three year statute of limitations applies.

42.     Plaintiff seeks damages in the amount of her respective unpaid overtime compensation, liquidated damages, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## COUNT 2
### (New York Overtime Violations, NYLL §§ 650 *et seq.*, N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4, Against Each and Every Defendant)

43.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

44.     Defendants knowingly failed to pay Plaintiff the proper overtime rate of one and a half times the minimum wage for work in excess of forty (40) hours per workweek.

45.    Plaintiff usually worked more than forty (40) hours per week, but was never paid overtime.

46.    As a result of Defendants' willful and intentional unlawful conduct, Plaintiff is entitled to damages in an amount to be determined at trial, attorneys' fees, costs, interest, all other damages available under New York law, and such other relief as this Court deems just and proper.

**COUNT 3**
**(Spread of Hours Violations, NYLL §§ 190 et seq.,**
**650 et seq., and 12 NYCRR § 137-1.7 and 137-3.11,**
**Against Each and Every Defendant)**

47.    Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

48.    Defendants failed to pay Plaintiff one additional hour's pay at the minimum wage rate for each day Plaintiff worked more than ten hours, in violation of the NYLL §§ 190 *et seq.* and 650 *et seq.* and 12 NYCRR § 137-1.7 and 137-3.11.

49.    Defendants' failure to pay "spread of hours" pay was willful.

50.    As a result of Defendants' unlawful conduct, Defendants are liable to the Plaintiff for damages in an amount to be determined at trial.

**COUNT 4**
**(Notice & Recordkeeping violations under NYLL § 195 (1),**
**Against Each and Every Defendant)**

51.    Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

52.    All Defendants failed to provide Plaintiff with adequate notices in English and in their primary language, Spanish, in violation of NYLL § 195(1).

53.    Upon information and belief, Defendants failed, or refused to provide, Plaintiff with annual notices during the years when such notices were required by NYLL § 195(1).

54.    Defendants' failure to provide such notices was willful.

55.    As a result of Defendants' unlawful conduct, Defendants are liable to Plaintiff for damages in an amount to be determined at trial, including penalties pursuant to NYLL § 198(1-b) per each member of the Class, along with costs and attorney's fees.

## COUNT 5
### (Wage Statement violations under NYLL § 195 (3),
### Against Each and Every Defendant)

56.    Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

57.    NYLL § 195(3) requires employers to "furnish each employee with a statement with every payment of wages . . . [including] the overtime rate . . . and the number of overtime hours worked."

58.    All Defendants failed to provide Plaintiff with a statement including the accurate overtime rate and number of overtime hours worked.

59.    Plaintiff never received a pay stub.

60.    Defendants failed to provide information about hours worked, overtime, hourly wages, overtime wages, "spread of hours" pay in violation of NYLL § 195(3).

61.    Defendants' failure to provide wage statements was willful.

62.    As a result of Defendants' unlawful conduct, Defendants are liable to Plaintiff for damages in an amount to be determined at trial, including penalties pursuant to NYLL § 198(1-d) per each member of the Class, along with costs and attorney's fees.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A.      An award of damages, including back wages, overtime and other unpaid wages, according to proof, to be paid by Defendants;

B.      Penalties available under applicable laws;

C.      Civil penalties under § 198 (1-b) for each violation and for each named Plaintiff and Class member, in an amount to be determined at trial;

D.      Civil penalties under § 198(1-d) for each violation and for each named Plaintiff and Class member, in an amount to be determined at trial;

E.      Liquidated damages;

F.      Pre-judgment and post-judgment interest;

G.      Attorneys' fees and costs; and

H.      Such other relief as the Court sees fit to award.

## DEMAND FOR JURY TRIAL

A jury trial is requested on all claims alleged herein.

Dated: New York, NY
       August 28, 2017

/s/

By:_____
       Jeffrey E. Goldman, Esq.
       Thomas H. Andrykovitz, Esq.
       THE LAW OFFICES OF JEFFREY E. GOLDMAN
       501 Fifth Ave., Suite 1900
       New York, NY  10017
       T: 212-983-8999
       F: 646-693-2289
       *Attorneys for Plaintiffs*