UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MIRNA GARCIA,

        Plaintiff,

v.

CHARLIE SION, JANET SION, and GAM LAUNDROMAT, INC. d/b/a SUPER LAUNDROMAT,

        Defendants.

SETTLEMENT AGREEMENT

17-cv-06527 (KBF)

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

WHEREAS, MIRNA GARCIA (hereinafter, "Plaintiff") has asserted federal minimum wage violations under 29 U.S.C. §§ 201, et seq., ("FLSA"), New York minimum wage violations under NYLL § 652, 12 NYCRR 146-1.3, and notice damages under NYLL §§ 195(1)& (3)against her former employers, CHARLIE SION, JANET SION, and GAM LAUNDROMAT, INC. d/b/a SUPER LAUNDROMAT (collectively, "Defendants");

WHEREAS, the Defendantshavedenied Plaintiff's allegations;

WHEREAS, Plaintiffand the Defendants (collectively, the "Parties") desire to fully and finally resolve and settle in full all claims that Plaintiff has, had, or may have against the Defendants, including, but not limited to, all claims relating to her employment with the Defendants, by way of this Settlement Agreement and General Release (hereinafter "the Agreement");

WHEREAS theDefendants release any and all claims that ithas against the Plaintiff;

WHEREAS, the Parties' counsel have negotiated extensively in good faith to reach a reasonable settlement acceptable to the Parties;

1

NOW, THEREFORE, the Parties agree as follows:

1. The Defendants shall pay the Plaintiff the sum of Twenty-Five Thousand Dollars ($25,000.00) (the "Settlement Amount"), to be distributed according to the following schedule: MIRNA GARCIA ($16,124); attorney's fees($8,335); filing fee ($400.00); and service fees ($141.00).

2. The Settlement Amount shall be paid in One (1)installment, consisting of Two (2) certified checks, and delivered to the offices of Plaintiff's counsel, Jeffrey E. Goldman, at 501 Fifth Ave., Suite 1900, NY, NY 10017, within Seven (7) days from the date that Plaintiff signs this Agreement. One check shall be in the amount of Sixteen ThousandOne Hundred TwentyFourDollars ($16,124) and made out to MIRNA GARCIA. The second check shall be in the amount of Eight Thousand Eight Hundred SeventySix Dollars ($8,876), and made out to Jeffrey Goldman, Esq.

3. For and in consideration of the payments and promises made by the Defendants herein and other good and valuable consideration, Plaintiffand her heirs, executors, administrators, trustees, legal representatives and assignshereby waive, release and forever dischargethe Defendants, they'reaffiliates, and divisions, branches, predecessors, successors, assigns, and its and their past or present directors, officers, employees, agents, partners, members, stockholders, representatives, attorneys, consultants, independent contractors, trustees, administrators, insurers and fiduciaries, in their individual and representative capacities, fromany and all actions, causes of action, complaints, charges, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands (including attorneys' fees, costs and disbursements actually incurred), whether known or

2

unknown, at law or in equity, suspected or unsuspected, of every kind and nature whatsoever related to their employment with or severance from the Defendants, including without limitation with respect to wrongful or tortious termination, constructive discharge, breach of implied or express employment contracts and/or estoppel, discrimination and/or retaliation, libel, slander, non-payment of wages or other compensation, in each case under any federal, state or local laws, statutes, rules or regulations of any type or description, including without limitation under Title VII of the Civil Rights Act; the Civil Rights Act of 1991; the Rehabilitation Act; the National Labor Relations Act; the Fair Labor Standards Act; the Americans With Disabilities Act; the Family and Medical Leave Act; the Employee Retirement Income Security Act; the Reconstruction Era Civil Rights Act; the New York State Human Rights Law; and the New York City Human Rights Law; each as amended; and any other claim of discrimination, harassment or retaliation in employment (whether based on federal, state or local law, statutory or decisional), which the Plaintiff ever had, now have or hereafter can, shall or may have against the Defendants or any of them for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date that you sign this Agreement. Without limiting the generality of the foregoing, except as expressly set forth in this Agreement, the Plaintiff expressly waives any right or claim for reinstatement of employment, backpay, interest, bonuses, damages, accrued vacation, accrued sick leave, medical, dental, optical or hospitalization benefits, accidental death and dismemberment coverage, long term disability coverage, overtime, severance pay and/or attorneys' fees or costs with respect to or derivative of such employment with the Defendants or the severance thereof.

    4.    Defendants release Plaintiff from any and all actions, causes of action, complaints, charges, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills,

specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands (including attorneys' fees, costs and disbursements actually incurred), fraud, misrepresentation, performing services, this lawsuit, counterclaims, taxes, defamation, libel, slander, misreporting his wages, failing to report his wages, tax liabilities, under reporting of income, wages whether known or unknown, at law or in equity, suspected or unsuspected, of every kind and nature whatsoever related to their employment with or severance from the Defendant, and any and all other claims of any kinds that the Defendanthas against the Plaintiffs from the beginning of their employment through the date of this agreement. Without limiting the generality of the foregoing, except as expressly set forth in this Agreement, the Defendants expressly settle, release, discharge, and relinquishany and all claims and counterclaims against the Plaintiff.

5. Plaintiff shall not apply for any position of employment with the Defendant its its affiliates.

6. Upon receipt of the Settlement Amount, Plaintiff or its Counsel shall furnish IRS 1099-s or W-9 for the Settlement Amount.

7. The intent of these mutual releases is to settle, end, resolve and release all parties from all claims against each other for any claim, known or unknown from the beginning of the relationship through the date of signing this Agreement.

8. The partiesagree to preserve the confidentiality of this Agreement, and the associated Confession of Judgment, and not discuss or disclose its existence, substance, or contents to anyone and agree not to make any statements to third parties about the circumstances of this Agreement, in each case except as compelled or authorized by law; provided, however, that they may disclose the existence, substance and contents of this Agreement to their

immediate family and household, and their legal and financial advisors who need to know such information, so long as they have been advised of the confidentiality of such information and they have agreed to maintain the confidentiality of such information.If either party breaches this agreement they shall be subject to penalties.

9. The parties mutually agree not to disparage each other.

10. This Agreement may only be modified, altered or changed in writing, signed by the Parties.

11. This Agreement shall be subject to and governed by the laws of the State of New York without giving effect to principles of conflicts of law.

12. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. Fax or scan signature shall be treated as original.

**[signatures to follow]**

**IN WITNESS WHEREOF**, the Plaintiff and the Defendants have duly executed this Settlement Agreement and General Release freely and voluntarily.

**PLAINTIFF:**

By: _[signature]_      Dated: 10/6/17, 2017
   MIRNA GARCIA

**DEFENDANTS:**

By: _[signature]_      Dated: 10/9/17, 2017
   CHARLIE SION

By: _[signature]_      Dated: 10/9/17, 2017
   JANET SION

By: _[signature]_      Dated: 10/9/17, 2017
   GAM LAUNDROMAT, INC.

Dated: October 9, 2017
      New York, NY

6